UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Erika L. Prather,
    Plaintiff

    vs

John E. Potter, et. al.,
    Defendants

Case No. C-1-03-555
(Beckwith, J.; Hogan, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 16), Plaintiff's Memorandum in Opposition (Doc. 19), Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 20), and Defendants' Supplemental Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. 22)[1].

## BACKGROUND

Plaintiff, an African American woman, became employed with the United States Postal Service in November, 1995 as a Mail Processor at the Postal Services Processing and Distribution Center in Cincinnati, Ohio.  (Doc. 16, Ex. A,

---

[1] On July 11, 2005, the Court granted Defendants additional time in which to file a supplemental following their review of documentation attached to Plaintiff's Response to Defendants' Motion for Summary Judgment which was not served upon them by Plaintiff as required.  (*See* Doc. 21).

Deposition of Erika L. Prather, at pp. 12, 14). As part of the requirements of Plaintiff's job, she was required to lift trays of mail from a conveyor belt and put them into a processing machine. (Id. at 33). The majority of the trays weighed between 10 lbs. And 50 lbs. (Id. at 34). Plaintiff's position was full-time, eight hours per day. (Id. at 26).

In 2001, Plaintiff informed Defendant that she could not perform the essential job functions of her Mail Processor job because she had a back condition which prevented her from lifting more than 10 lbs. (Id. at 35-36, 111, 126). Plaintiff also reported that her back condition prevented her from reaching or lifting above her shoulder, climbing steps or ladders, kneeling, bending, twisting, pushing or pulling. (Id. at 36, 111). Plaintiff further indicated that, even if she were offered a light duty position, she was not physically capable of working more than six hours per day. (Id. at 127, 128).

Thereafter, on August 30, 2001, Plaintiff's supervisor, Thomas Pfetzer, issued a Notice of Removal informing Plaintiff that she would be removed from employment with the Postal Service effective October 20, 2001, for failing to maintain a regular work schedule between June 4, 2001 and August 22, 2001. (Doc. 16, Ex. A, at 19 and 29; Ex. B, 8/30/01 Notice of Removal; Ex. C, Declaration of Supervisor Thomas Pfetzer at ¶ 4). During this ten week period, Plaintiff was absent 232 hours. (Doc. 16, Ex. A, Prather Dep. at 95, 100; 8/30/01 Notice of Removal, Pfetzer Decl. at ¶ 5; Ex. D, Absence Analysis for 2001). Moreover, Plaintiff did not give Defendant advanced notice for these absences nor did she provide appropriate medical documentation to support her need to be absent on these dates. (Pfetzer Decl. at ¶¶ 6, 7).

According to Defendant, even if Plaintiff provided the proper medical documentation, her absences would not have been approved as she did not have sufficient annual or sick leave hours available to her.[2] (Prather Dep. at 30-31, 82, 96; Pfetzer Decl. at ¶ 10). Plaintiff likewise, did not have any leave available under the Family Medical Leave Act. (Id.).

As Plaintiff's attendance issues violated Defendant's regulations, Plaintiff's

---

[2] Plaintiff did have sufficient leave time for sixteen hours. However, Plaintiff did not provide the advanced notice or proper medical documentation to substantiate the use of these sixteen hours. (Pfetzer Declaration at ¶ 9).

2

supervisor reviewed Plaintiff's past disciplinary record to determine what form of discipline was warranted. (8/30/01 Notice of Removal; Pfetzer Decl. at ¶ 11). Plaintiff's disciplinary record indicated that she had been disciplined for attendance related violations on two other occasions in 2001. On April 17, 2001, Defendant had issued Plaintiff a 14-day suspension for failing to satisfactorily maintain a regular work schedule. Also, on May 29, 2001, Plaintiff was suspended for 14 days for an unauthorized absence from work assignment. (8/30/01 Notice of Removal; Pfetzer Decl. at ¶ 12). Additionally, Plaintiff had received a seven day suspension on March 26, 2001 for improper conduct. (Notice of Removal; Pfetzer Decl. at ¶ 13). Based upon Plaintiff's disciplinary record and her failure to correct these issues, Pfetzer determined that removal was warranted. (Notice of Removal; Pfetzer Decl. at ¶¶ 14-15).

At the time of her termination, Plaintiff was 26 years of age and had previously filed 2 EEOC related claims against the Postal Service. (Prather Dep. at 6, 156, 166-67). Pfetzer claims that he was unaware of Plaintiff's prior EEO-related activity at the time he issued the Notice of Removal. (Pfetzer Decl. at ¶16). During the Summer and Fall of 2001, Plaintiff's co-worker, Willie Stephens worked for the Postal Service as a Manager of Distribution Operations at the Cincinnati Processing and Distribution Facility. (Doc. 16, Ex. E, Declaration of Willie Stephens at ¶ 1). However, Defendant Stephens had no role in the decision to terminate Plaintiff. (Id. at ¶ 2; Pfetzer Decl. at ¶21).

## OPINION

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgment motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been

filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although not clearly stated in her Complaint, Plaintiff testified at her deposition that her termination from the Postal Service was discriminatory based upon her race, color, age, gender and disability as well as in retaliation for her prior EEO activity. (Prather Dep. at 22-24; Doc. 2).

### Plaintiff's Reverse Age Discrimination Claim

Plaintiff alleges that she was discriminated against on the basis of age when Defendant treated an older worker more favorably. Plaintiff's claim is simply not supported by law. Pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 631 (a), "[t]he prohibitions in this Act shall be limited to individuals who are at least 40 years of age." Moreover, the Supreme Court has specifically held that the ADEA does not prohibit employers from treating older workers more favorably than younger workers. *Gen. Dynamics Land Sys. v. Cline*, 540 U.S. 581, 600 (2004). Thus, we find that Plaintiff's claim for reverse age discrimination fails as a matter of law and summary judgment should be granted in

favor of Defendants with respect to this claim.

## Plaintiff's Gender Discrimination Claim

Plaintiff also alleges that she was discriminated against on the basis of her gender arguing that she was disciplined more severely than her co-worker, Brenda Vanderpool, for the same conduct. (Prather Dep. at ¶44, 55-56). This co-worker is the only individual to whom Plaintiff seeks to compare herself. (Id. at ¶¶77, 81).

Plaintiff's claim is that of disparate treatment based upon her gender. In such a case, Plaintiff has the burden of proving unlawful discrimination because of gender. Proof of discriminatory intent is crucial. *Rowe v. Cleveland Pneumatic Co., Numerical Control, Inc.*, 690 F.2d 88, 92 (6th Cir. 1982); *Chrisner v. Complete Auto Transit, Inc.*, 645 F.2d 1251, 1257 (6th Cir. 1981). Because of the difficulty of proving discriminatory motive, the Supreme Court has made available a special order of proof in employment discrimination cases, the initial stage of which is described as plaintiff's prima facie case. *Texas Depart. of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Askin v. Firestone Tire & Rubber Co.*, 600 F. Supp. 751, 753-54 (E.D. Ky. 1985), *aff'd without opinion*, 785 F.2d 307 (6th Cir. 1986).

Plaintiff may establish a prima facie case by showing that: (1) she belongs to a protected class; (2) she was qualified for the job; (3) she was subjected to an adverse employment action; and (4) a similarly situated worker not in a protected class was treated more favorably. *Talley v. Bravo Pitino Rest, Ltd., 61 F.3d 1241, 1246 (6th Cir. 1995). See also International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335-36 n.15 (1977): *Shah v. General Electric*, 816 F.2d 264, 267 (6th Cir. 1987); *Beaven v. Commonwealth of Kentucky*, 783 F.2d 672, 675-76 (6th Cir. 1986).

The establishment of a prima facie case permits the "'inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Shah*, 816 F.2d at 268 (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)). Thus, by establishing a prima facie case, plaintiff creates a rebuttable presumption that defendant unlawfully discriminated against her. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). This presumption is a procedural device that temporarily ceases plaintiff's burden of producing evidence.

In the present case, Plaintiff seeks to compare herself to a female co-worker whom she claims was not disciplined for her attendance violations. Because Plaintiff has failed to identify a similarly situated *male* employee, her claim of discrimination based on gender fails as a matter of law. *Talley*, 61 F.3d at 1246. As such, we find that summary judgment in Defendants' favor is appropriate with respect to Plaintiff's gender discrimination claim.

### Plaintiff's Retaliation Claim

Plaintiff alleges that she was retaliated against due to her prior EEO related activity.

In order to establish a prima facie case of retaliation under Title VII, Plaintiff must produce evidence that: 1) she engaged in activity protected by Title VII; 2) Defendant knew that Plaintiff had engaged in such activity; 3) subsequently, Defendant made an employment decision adversely affecting Plaintiff; and 4) there is a causal link between Plaintiff's protected activity and Defendant's adverse employment action. *Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987); *Jackson v. Pepsi-Cola, Dr. Pepper Bottling Co.*, 783 F.2d 50, 54 (6th Cir. 1986), *cert. denied*, 478 U.S. 1006 (1986). Protected activity consists of opposing any practice made unlawful by Title VII, making a charge, testifying, assisting, or participating in any manner in a Title VII investigation, proceeding or hearing. 42 U.S.C. § 2000e-3 (a).

Plaintiff has failed to establish the second element in this test. In order to establish that Defendant knew that Plaintiff engaged in protected activity, Plaintiff must prove that the management official who took the adverse employment action had been aware of the Plaintiff's prior protected activity. *Marthel v. Bridgestone/Firestone, Inc.*, 926 F. Supp. 1293, 1304 (M.D. Tenn. Apr. 22, 1996)("without evidence indicating that the person who made the termination decision was aware of the EEOC claim," plaintiff has not established a prima facie case of retaliation).

In the present case, Plaintiff's supervisor, Thomas Pfetzer, was the official responsible for discharging Plaintiff. Pfetzer testified that he was not aware of Plaintiff's prior protected activity when he issued Plaintiff's Notice of Removal. (Pfetzer Dep. at ¶16). Indeed, Plaintiff stated that she did not know whether Pfetzer was aware of her protected activity. (Prather Dep. at 173-74). Because

6

Plaintiff has failed to provide evidence that Pfetzer was aware of her prior protected activity at the time he issued Plaintiff's Notice of Removal, Plaintiff has failed to establish a prima facie case of retaliation.  Accordingly, we find that summary judgment in favor of Defendants is appropriate with respect to Plaintiff's retaliation claim.

### Plaintiff's Race Discrimination Claim

Plaintiff also alleges that she was discriminated against on the basis of her race.  Plaintiff's claim is that of disparate treatment.  As we set forth above, *see supra* at pp. 5-6, in such a case, plaintiff has the burden of proving unlawful discrimination because of race.

Plaintiff may establish a prima facie case by showing that: (1) she belongs to a racial minority; (2) she was qualified for the job; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated white employees.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335-36 n.15 (1977);  *Shah v. General Electric*, 816 F.2d 264, 267 (6th Cir. 1987); *Beaven v. Commonwealth of Kentucky*, 783 F.2d 672, 675-76 (6th Cir. 1986).  To be considered similarly situated, the employees with which Plaintiff seeks to compare himself must be "similarly situated in all relevant aspects."  *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir. 1992).  However, it is not required that the class of similarly situated employees be in identical employment positions. *Noland*, 869 F. Supp. 529, 531 (N.D. Ohio 1994); *see also Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344 (6th Cir. 1998).  It is enough to show that other employees had substantially similar duties and responsibilities, reported to the same supervisor or supervisors, and engaged in comparably similar conduct. *Noland,* 869 F. Supp. at 531; *see also Mitchell*, 964 F.2d at 583 n.5.

The establishment of a prima facie case permits the "'inference of discrimination . . . because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Shah*, 816 F.2d at 268 (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)).  Thus, by establishing a prima facie case, Plaintiff creates a rebuttable presumption that defendant unlawfully discriminated against him.  *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981).  This presumption is a procedural device that temporarily ceases Plaintiff's burden of producing evidence.

In the present case, Plaintiff's only comparable is a white co-worker, Brenda Vanderpool. To be considered similarly situated to Plaintiff, Ms. Vanderpool would necessarily have had to have engaged in comparably similar conduct for which she was not disciplined as severely as Plaintiff. However, there is no evidence that Ms. Vanderpool was absent from work for a length of time similar to Plaintiff, nor is there evidence that her absences were unauthorized. Indeed, Plaintiff testified that she was not aware of the details of Ms. Vanderpool's attendance record. (Prather Dep. at 158). The unrebutted evidence submitted by Defendants indicate that Ms. Vanderpool provided the proper medical documentation to support each of her absences during 2001. (Pfetzer Decl. at ¶¶18-19; Stephens Decl. at ¶11). We find, therefore, that Brenda Vanderpool is not a proper comparable and Plaintiff has failed to establish a prima facie case of race discrimination. As such, summary judgment in favor of Defendants is appropriate with respect to Plaintiff's claim for discrimination based upon race.

## Plaintiff's Claim under the Rehabilitation Act

The Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, governs handicap discrimination claims. Section 794 of the Act prohibits discrimination against otherwise qualified handicapped individuals in any program or activity conducted by the Postal Service. A prima facie case of handicap discrimination is established by means of a modified Title VII test. *See Jasany v. United States Postal Service*, 755 F.2d 1244, 1249-50 n.5 (6th Cir. 1985) (citing *Pushkin v. Regents of University of Colorado*, 658 F.2d 1372 (10th Cir. 1981)).

In order to establish a prima facie case of handicap discrimination, Plaintiff must show that: (1) she is an individual with a handicap as defined in 29 C.F.R. § 1614.203(a)(1); (2) she is qualified for the position . . . ; (3) the agency was aware of his disability; (4) an accommodation was needed, i.e., a causal relationship existed between the disability and the request for accommodation; and (5) the agency failed to provide the necessary accommodation. *Gaines v. Runyon*, 107 F.3d 1171, 1175 (6th Cir. 1997)(citing *Kocsis v. Multi-Care Management, Inc.,* 97 F.3d 876, 882-83 (6th cir. 1996)). Once Plaintiff establishes her prima facie case, Defendants have the burden of going forward and proving that Plaintiff was not an otherwise qualified handicapped person, that is, one who is able to meet all of the program's requirements *in spite of* her handicap, or that her rejection [or discharge]

was for reasons other than her handicap. *Jasany*, 755 F.2d at 1250-51 n.5 (citing *Pushkin*, 658 F.2d at 1386-87) (emphasis in original). The burden of going forward then shifts back to Plaintiff to show that the reasons given by Defendants for the discharge were merely a pretext for discrimination. *Burdine*, 450 U.S. 248. At all times, Plaintiff retains the ultimate burden of proving Defendants treated her differently due to her handicap. *Board of Trustees v. Sweeney*, 439 U.S. 24 (1978).

While Defendants do not specifically address the first three elements of Plaintiff's prima facie case, they argue that Plaintiff cannot meet the fourth element. Plaintiff's deposition testimony indicates that the only accommodation she requested was to be placed in a light duty position. (Prather Dep. at 106, 129). However, federal courts have held that placing an employee in a light duty position is not an accommodation under the framework of the ADA/Rehabilitation Act[3] because such an accommodation does not enable the employee to perform the essential functions of her regular position or another vacant funded position. *See Donahue v. Conrail*, 224 F.3d 226 (3d Cir. 2000). The court in *Donahue* specifically stated that:

> An employee can succeed under the Rehabilitation Act only if the employee can demonstrate that a specific, reasonable accommodation would have allowed her to perform the essential functions of her job. Thus, employers are not required to modify the essential functions of a job in order to accommodate an employee.

224 F.3d at 232. *See also Brown v. Chase Brass & Copper Co.,* 14 Fed. Appx. 482, 488 (6th Cir. 2001)(Employer has no obligation to create a permanent light duty job when none previously existed); *Lewis v. Henderson*, 249 F. Supp.2d 958, 969-70 (N.D. Ill. 2003)(an employee is not otherwise qualified under the ADA if he is only qualified to perform a light duty assignment).

Plaintiff has not identified a reasonable accommodation which would allow her to perform the essential functions of her regular Mail Processor position. Moreover, Plaintiff testified that there was no other vacant position which she could perform with or without accommodation. (Prather Dep. at 130, 131-32).

---

[3] Case law interpreting the ADA is equally applicable to cases arising under the Rehabilitation Act. *See MX Group, Inc. v. City of Covington*, 293 F.3d 326, 332 (6th Cir. 2002).

Most importantly, Plaintiff testified that, even if she was placed in a light duty position, there was no accommodation which would have allowed her to have attended work on a regular full-time basis nor on the dates in question. (Prather Dep. at 97, 103). The Sixth Circuit has specifically held that regular attendance is an essential job function. *See Brenneman v. Medcentral Health Sys.,* 366 F.3d 412, 418-19 (6th Cir. 2004)(even if plaintiff was granted medical leave for absences plaintiff alleges to be disability related, plaintiff, as a matter of law, would not have been qualified to perform the essential functions of the position due to his excessive absenteeism); *Gantt v. Wilson Sporting Goods Co.,* 143 F.3d 1042, 1047 (6th Cir. 1998)(an employee who cannot meet the attendance requirements of the job at issue cannot be considered a qualified individual protected by the ADA). Because Plaintiff has failed to identify a reasonable accommodation which would have allowed her to perform the essential functions of any vacant position or to maintain regular attendance, we find that Plaintiff has failed to establish a prima facie case of handicap discrimination. We therefore find that summary judgment on this claim is appropriate in favor of Defendants.

## **IT IS THEREFORE RECOMMENDED THAT:**

1) Defendants' Motion for Summary Judgment (Doc. 16) be GRANTED; and

2) This case be TERMINATED on the Court's Docket; and

3) The Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal from any Order adopting this Report and Recommendation would not be taken in "good faith" for purposes of granting Plaintiff leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  9/8/2005                  s/Timothy S Hogan
                                 Timothy S. Hogan
                                 United States Magistrate Judge

# NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9/8/2005. Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections. (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof. *See* Fed. R. Civ. P. 72(b).

J:\SMITHLE\SUMJUDG\Prather.msj.wpd

1:03 cv 555

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee | |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Ericka L Prather<br>549 Considine Ave<br>Apt. 2<br>Cinti, OH 45205 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7004 0750 0003 9306 0905 | |
| PS Form 3811, February 2004 | Domestic Return Receipt | 102595-02-M-1540 |